Rosemary A. MILLUS, Plaintiff–Appellant,

v.

Ronald J. D'ANGELO, Commissioner, Frederick M. Umane, Secretary, Weyman A. Carey, Commissioner, Douglas A. Kellner, Commissioner, Vincent J. Velella, Commissioner, Stephen Weiner, Commissioner, Michael Cohen, Commissioner, and New York City Board of Elections, Defendants–Appellees.

No. 00–7001.

United States Court of Appeals, Second Circuit.

Argued: Sept. 1, 2000

Decided: Sept. 12, 2000

Albert J. Millus, New York, NY, for Plaintiff–Appellant.

Margaret G. King, Assistant Corporation Counsel, New York, NY (Michael D. Hess, Corporation Counsel of the City of New York, Edward F.X. Hart, New York, NY, on the brief), for Defendants-Appellees.

Before: KEARSE, JACOBS, and STRAUB, Circuit Judges.

PER CURIAM.

■ Plaintiff Rosemary A. Millus appeals from a judgment of the United States District Court for the Eastern District of New York, Carol Bagley Amon, *Judge,* dismissing her complaint alleging that defendants New York City Board of Elections ("Board of Elections") and certain of its Commissioners violated her rights under the First Amendment to the Constitution by dismissing her as Elections Day Operations Coordinator because of her persistent loyalty to a candidate defeated in her party's election for County Chairman, in preference to the elected party official. On appeal, Millus contends principally that the district court erred in concluding that her operating position was one of political patronage and hence, under *Branti v. Finkel,* 445 U.S. 507, 517–18, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), was not entitled to First Amendment protection. She also contends that there were material questions of fact to be tried. Finding no merit in Millus's contentions, we affirm substantially for the reasons stated in Judge Amon's Memorandum and Order dated November 24, 1999.

■ "[P]olitical affiliation is an appropriate [job] requirement where there is a rational connection between shared ideology and job performance," *Bavaro v. Pataki,* 130 F.3d 46, 50 (2d Cir.1997) (internal quotation marks omitted), *cert. denied,* 523 U.S. 1120, 118 S.Ct. 1801, 140 L.Ed.2d 941 (1998), and the district court's determination that Millus's position as Elections Day Operations Coordinator was one of political patronage was supported by most of the factors set forth in *Vezzetti v. Pellegrini,* 22 F.3d 483, 486 (2d Cir.1994). These principles, adopted in the context of a plaintiff's affiliation with one political party rather than another, are applicable as well to loyalties to competing factions within a given party. *Accord Green v. Henley,* 924 F.2d 185, 187 (10th Cir.1991); *Williams v. City of River Rouge,* 909 F.2d 151, 153 n. 4 (6th Cir.1990). We see no error in the district court's analysis of Millus's position.

■ Nor was there a genuine issue to be tried as to the reason for Millus's termination or her disloyalty to the then-current party leaders. The district court granted summary judgment in favor of defendants following Millus's failure to deny, in accordance with Rule 56.1 of the court's local rules, defendants' allegations that Millus supported a certain candidate in her party's election for the position of County Chairman; that Millus's candidate was defeated; that Millus continued to support her candidate after his opponent was elected; and that she was dismissed because in continuing, following the election, to support her own candidate against the elected candidate, Millus was not loyal to her party. Summary judgment was appropriate.

We have considered all of Millus's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.